## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLIANCE LAUNDRY SYSTEMS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-20-138-G |
| CENTRAL LAUNDRYMAT LLC et al., | ) ) ) |
| Defendants. | ) |

### ORDER

Now before the Court is Plaintiff Alliance Laundry Systems, LLC's Amended Motion for Entry of Default under Rule 55(a) (Doc. No. 8), in which Plaintiff requests that default be entered against Defendants Central Laundrymat LLC, Sirsone Vongkhamsene, and Sirsone Vongkhamsene d/b/a 10th Street Laundry.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "As defendants have no duty to plead until properly served," however, "entry of default prior to service is improper," and the clerk should "decline entry of a default . . . [when] service was defective." *Petersen v. Carbon Cnty.*, No. 98-4010, 1998 WL 458555, at *4 (10th Cir. 1998); *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014); *see* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed.) ("Before a default can be entered [under Rule 55(a)], the court must have subject-matter jurisdiction and jurisdiction over the party

against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)).

After apparently failing to serve Defendants within the 90-day deadline, and without seeking an extension from the Court under Rule 4(m), Plaintiff attempted service on all three Defendants. *See* Doc. Nos. 4, 5 (June 29, 2020), 7 (Aug. 28, 2020). Plaintiff then sought entry of default based upon the untimely service. *See* Doc. No. 8. The Court cannot grant the request based on the current record. *See Putnam v. Morris*, 833 F.2d 903, 904-05 (10th Cir. 1987) (affirming dismissal of action for untimely service of process where the plaintiff sought an extension of the service deadline one day after effecting untimely service but failed to demonstrate excusable neglect); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305-06 (5th Cir. 1985) ("It would appear to be generally irrelevant that the defendant not served within the [90]-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the [90] days.").

Specifically, Plaintiff contends that it effected service upon Defendant Sirsone Vongkhamsene and Defendant Sirsone Vongkhamsene d/b/a 10th Street Laundry on June 29, 2020, and upon Defendant Central Laundrymat LLC on August 25, 2020. *See* Pl.'s Am. Mot. Ex. 1 (Doc. No. 8-1) at 1 (citing Doc. Nos. 4, 5, 7). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff's deadline to serve Defendants expired on May 18, 2020. Plaintiff, therefore, has failed to demonstrate that service was proper. *See Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *5-6 (D. Colo. July 18, 2018) (affirming finding of good cause to vacate entry of default where service

was untimely); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (explaining that the burden of establishing validity of service of process is on the plaintiff).[1]

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion for Entry of Default (Doc. No. 8) is DENIED.  Plaintiff's Motion for Entry of Default (Doc. No. 6), which was superseded by Plaintiff's Amended Motion, is DENIED as moot.

IT IS SO ORDERED this 17th day of March, 2021.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge

---

[1] In addition to the proofs of service on which Plaintiff predicates its Amended Motion for Entry of Default, *see* Doc. Nos. 4, 5, 7, Plaintiff filed a proof of service on March 3, 2020, *see* Doc. No. 3, purporting to demonstrate that Sirsone Vongkhamsene d/b/a 10th Street Laundry, a sole proprietorship, was served with process on February 21, 2020.  As Plaintiff did not seek entry of default based upon this proof of service, the Court has not considered it for purposes of Plaintiff's Amended Motion and makes no finding as to whether it reflects proper service.